UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ALEX M. BUSH,                           CIVIL ACTION
          Appellant                     NO. CV09-0741-A

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER         JUDGE DEE D. DRELL
OF SOCIAL SECURITY,                     MAGISTRATE JUDGE JAMES D. KIRK
          Appellee

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Alex M. Bush ("Bush") filed an application for social security disability insurance benefits ("DIB") which was denied pursuant to a final decision of the Commissioner of Social Security ("the Commissioner"), through a notice from the Appeals Council, on January 9, 2009 (Doc. 13, Ex. 2). Bush filed his appeal in this court on May 5, 2009 (Doc. 1). The Commissioner contends Bush's appeal should be dismissed as untimely because it was filed after March 15, 2009 (Doc. 13).

Bush has not contested the Commissioner's motion to dismiss his appeal as untimely. When the Commissioner's decision became final on January 9, 2009, Bush had sixty days from receipt of the notice to file an appeal for judicial review. 42 U.S.C. § 405(g), (h). Pursuant to 20 C.F.R. §§ 404.901, 422.210, a claimant is presumed to have received the notice five days after the date of the notice. According to the exhibits attached to the

Commissioner's motion, Bush's notice of denial from the Appeals Council was dated January 9, 2009 (Doc. 13, Ex.), so he is presumed to have received the notice by January 14, 2009, and his appeal was to have been filed on or before March 16, 2009.  Bush's appeal was not filed until May 5, 2009, clearly beyond the sixty day limit.

Since the sixty day statute of limitation is not jurisdictional, Bush could allege the defense of equitable tolling. See Flores v. Sullivan, 945 F.2d 109, 113 (5th Cir. 1991), and cases cited therein; Smith v. Barnhart, 338 F.Supp.2d 761 (S.D.Tex. 2004).  However, although Bush requested an extension of time in which to respond to the motion to dismiss (Doc. 15), which was granted (Doc. 17), Bush failed to respond on or before his new deadline of January 20, 2009.  Therefore, Bush has not contested, or alleged any defenses to, the Commissioner's motion to dismiss his appeal as untimely.

Accordingly, the Commissioner's uncontested motion should be granted and Bush's appeal should be dismissed with prejudice for untimeliness.   Compare, Smith v. Barnhart, 338 F.Supp.2d 761 (S.D.Tex. 2004).

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Commissioner's motion to dismiss (Doc. 13) be GRANTED and that Bush's appeal be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

2

Fed.R.Civ.P. 72(b), the parties have      **(14) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within      **(14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of January, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE